# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | **Return Date** *(Must be a Tuesday)* |
|---|---|---|
| **1061 Main Street, Bridgeport 06604** | **( 203 ) 579 – 6527** | **10/27/2020** |

| ☒ Judicial District<br>☐ Housing Session | G.A.<br>Number: | At *(City/Town)*<br>**Bridgeport** | Case type code *(See list on page 2)*<br>Major: **C**   Minor: **90** |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**Alina Habba, Habba Madaio & Associates LLP, 1430 US Hwy 206, Ste 240, Bedminster NJ 07921** | Juris number *(if attorney or law firm)*<br>**439257** |
|---|---|

| Telephone number<br>**( 908 ) 869 – 1188** | Signature of plaintiff *(if self-represented)* |
|---|---|

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>**ahabba@habbalaw.com** |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **Abigail Toro**<br>Address: **Habba Madaio & Associates LLP, 1430 US Hwy 206, Ste 240, Bedminster NJ 07921** | P-01 |
| **Additional plaintiff** | Name: **Class of others similarly situated**<br>Address: **Habba Madaio & Associates LLP, 1430 US Hwy 206, Ste 240, Bedminster NJ 07921** | P-02 |
| **First defendant** | Name: **University of Bridgeport**<br>Address: **126 Park Ave, Bridgeport CA 06604** | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| **Total number of plaintiffs: 2** | **Total number of defendants: 1** | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued**. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**09/22/2020** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing<br>**Alina Habba Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk: | *For Court Use Only* |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

Do not use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
(c) Applications for change of name
(d) Probate appeals
(e) Administrative appeals
(f) Proceedings pertaining to arbitration
(g) Summary Process (Eviction) actions
(h) Entry and Detainer proceedings
(i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other   *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE: OCTOBER 27, 2020

| | |
|---|---|
| ABIGAIL TORO, on behalf of herself and all others similarly situated, | : SUPERIOR COURT |
| | : J.D. OF FAIRFIELD |
| Plaintiffs, | |
| vs. | : AT BRIDGEPORT |
| UNIVERSITY OF BRIDGEPORT, | : OCTOBER 27, 2020 |
| Defendant. | |

Plaintiff Abigail Toro ("Plaintiff"), by and through the undersigned counsel, brings this class action against Defendant University of Bridgeport ("Bridgeport," the "University," or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend the University of Bridgeport for an in person, hands-on educational services and experiences for the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), including the Spring 2020 and Summer 2020 semesters, and had their course work moved to online only learning.

2. Such individuals paid all or part of the tuition for an average tuition that was around $16,430 per semester for undergraduate students, and mandatory fees for each semester of approximately $1,695 including a "general fee", a student government fee, and other fees associated with specific classes and services ("Mandatory Fees").

3. Bridgeport has not refunded any amount of the tuition or any of the Mandatory

Fees, even though it has implemented online only distance learning starting in or around March 14, 2020.

4. Because of the University's response to the COVID-19 pandemic, on or about March 14, 2020, the University also stopped providing any of the services or facilities the Mandatory Fees were intended to cover.

5. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 14, 2020 is a breach of the contracts between the University and Plaintiff and the members of the Class, and it is unjust.

6. In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in-person educational experiences, including with all the benefits offered by a first-rate university. Instead, students like Plaintiffs were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiffs with the University.

7. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not provided.

8. This failure also constitutes a breach of the contracts entered into by Plaintiffs with the University.

9. Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time in the respective semesters when the University closed and switched to online only learning.

10. Plaintiff seeks, for herself and the Class members, protections including injunctive and declaratory relief protecting Class Members for paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences

Defendants can actually safely provide.

## PARTIES

8. Plaintiff Abigail Toro was an undergraduate student during the Spring 2020 semester and is enrolled for classes in the Fall 2020 with an expected graduation date of June 2021. For the Spring 2020, Bridgeport charged Plaintiff approximately $15,960 in tuition and more than $1,700 in Mandatory Fees, including a design fee of $275, a student government fee of $100, a general fee of $1,320. Additionally, Named Plaintiff is expected to pay similar tuition and fees for the Fall 2020 semester.

9. Plaintiff Toro also paid $7,975 as a residence hall charge.

10. Plaintiff Toro is a resident of Baldwin, New York.

11. Plaintiff Toro paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services.

12. Plaintiff Toro has not been provided a pro-rated refund of the tuition for her in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after the University's facilities were closed and events were cancelled.

13. Defendant Bridgeport is a private university in Bridgeport, Connecticut that was founded in 1927. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs.

14. Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country. Its campus is located in Bridgeport, Connecticut. Defendant is a citizen of Connecticut.

## FACTUAL ALLEGATIONS.

15. Plaintiff and Class Members paid to attend Bridgeport's Spring and Summer 2020

semesters including tuition and the Mandatory Fees. The Spring 2020 semester started on Jan. 10, 2020 and ended on May 8, 2020. The Summer 2020 terms started on May 13, 2020 and ended on or around Aug. 24, 2020.

16. Tuition at the University was approximately $32,800 per year for undergraduate students, at least $2,800 in fees, and similar such charges for graduate students.

17. Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

18. Throughout March 2020, the University made public announcements adjusting educational services and opportunities that affected Plaintiffs.

19. The University has not held any in-person classes since March 14, 2020 for undergraduate students. All classes since March 14, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

20. Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to University health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

21. Bridgeport has not provided reimbursement or refund information regarding tuition or the Mandatory Fees.

22. Students attending Bridgeport's Spring 2020, Summer 2020 and Fall 2020 semesters did not choose to attend an online-only institution of higher learning, but instead chose to enroll in the University's in-person educational programs – with the understanding that Bridgeport would provide in person educational opportunities, services, and experiences.

23. On its website, Bridgeport markets its University's on-campus experience and

opportunities as a benefit to students.

24. The online learning options being offered to Bridgeport's students are sub-par in several significant aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was. During the online portion of the Spring and Summer 2020 semesters, Bridgeport used programs by which previously recorded lectures were posted online for students to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that is instrumental in educational development and instruction.

25. The online formats being used by Bridgeport do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

26. Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

27. Access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms, are integral to a college education.

28. Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

29. Bridgeport priced the tuition and Mandatory Fees based on the in person educational services, opportunities and experiences it was providing on campus.

30. The University has not made any refund of any portion of the tuition Plaintiff and

the members of the Class paid for the semesters affected by Covid-19.

31. The University refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

32. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed – or any other semesters affected by COVID-19.

33. Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs bring this case individually and, pursuant to Connecticut Practice Book § 9-7, et seq., on behalf of the class defined as:

> All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020, Summer 2020, Winter 2020, or any other semester affected by Covid-19 at Bridgeport but had their educational experiences and class(es) moved to online only learning (the "Class").

35. Plaintiffs reserve the right to modify or amend the definition of the proposed Classes if necessary before this Court determines whether certification is appropriate.

36. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Practice Book § 9-8 and other statutes and case law regarding class action litigation in Connecticut State Court.

37. The Class is so numerous that joinder of all members is impracticable. Although

the precise number of Class members is unknown to Plaintiff, the University has reported that an aggregate of 3,415 or more undergraduate and graduate students were enrolled for the 2018-2019 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

38. The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members. These questions predominate over questions that may affect only individual members of the classes because Bridgeport has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to:

   a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 14, 2020;

   c. Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

   d. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person

and on-campus live education after March 14, 2020;

e. Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

f. The amount of damages and other relief to be awarded to Plaintiff and the Class members.

39. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the University stopped providing in mid-March.

40. Plaintiff is a more than adequate class representative. In particular:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of themselves and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

b) because their interests do not conflict with the interests of the other Class members who he seeks to represent

c) They anticipate no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

41. Class members' interests will be fairly and adequately protected by Plaintiff and their counsel.

42. It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender.  The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

43. Plaintiff also seeks class certification for injunctive and declaratory relief under Practice Book § 9-9 and 9-10, at the appropriate juncture.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

44. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 43 above.

45. Plaintiff brings this claim individually and on behalf of the members of the Class.

46. By paying the University tuition and the Mandatory Fees for the Spring and

Summer 2020 semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those semesters. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

47. Bridgeport has held that its in-person educational opportunities, experiences, and services are of substantial value.

48. Bridgeport has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

49. Bridgeport has promoted its in-person educational services as being valuable to students' educational experiences and their develop.

50. In marketing materials and other documents provided to the Named Plaintiff, Defendants promoted the value of the in-person education experiences, opportunities, and services that Defendants provided.

51. Defendants provided Plaintiffs with an acceptance letter that the Plaintiffs accepted based on the promise of in-person educational experiences, opportunities, and services that Defendants would provide.

52. The University has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by Covid-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

53. Plaintiff and the members of the putative Class have therefore been denied the benefit of their bargain.

54. Plaintiff and members of the putative Classes have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

55. Plaintiff and the members of the putative Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of time the semesters affected by Covid-19 in which in-person classes were discontinued and facilities were closed by the University.

56. The University should return such portions of the tuition and Mandatory Fee to Plaintiffs and each putative Class Member.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
## (On Behalf of Plaintiff and the Class)

57. Plaintiffs incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 56 above.

58. By paying the University tuition and the Mandatory Fees for the Spring, Summer semesters, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees they paid pertained throughout those affected semesters.

59. Defendants have retained the benefits of the amount of tuition and fees that Plaintiffs have provided – without providing the benefits that Plaintiffs are owed.

60. For example, Defendants failed to provide Plaintiff and Class Members access to any on-campus facility after March 11, 2020. Yet Defendants assessed Plaintiffs with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

61. Plaintiffs were not able to access such facilities or services remotely.

62. Plaintiffs paid tuition and fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that Bridgeport have previously marketed, promoted, or made available prior to Covid-19.

63. Defendants have been unjustly enriched by Plaintiffs' payment of tuition and fees.

64. Despite not being able to provide such services, Bridgeport failed to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided and the reduced benefits associated with the fees.

65. Plaintiff and members of the putative Classes have sustained monetary damages as a result of each of Defendant's breaches of the covenant of good faith and fair dealing.

66. Defendants act were unjust for them to keep money for services they did not render.

**THIRD CLAIM FOR RELIEF**
**CONVERSION & TAKING OF PROPERTY**
**(On Behalf of Plaintiff and the Class)**

67. Plaintiffs incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 66 above.

68. Plaintiffs have made financial arrangements that required Defendants to make payments before Defendants provided services.

69. Defendants accepted Plaintiffs' monies with the express understanding that the University would provide in-person educational experiences, opportunities, and services.

70. The University was unable to perform such services or provide such experiences and opportunities.

71. The University has converted Plaintiffs' property into their own property without

just compensation.

72. Just compensation would have been the in-person services, opportunities, and experiences that the University has touted, marketed, and advertised as important and essential to the quality of education that Plaintiffs should have received.

73. It is inequitable for the University to convert such funds into its own profits despite the failure to provide such services, experiences, and opportunities.

**PRAYER FOR RELIEF**

Pursuant to General Statues § 52-91, the amount, legal interest, or property in demand is fifteen thousand dollars or more, exclusive of interest and costs. WHEREFORE, Plaintiffs respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under the Practice Book § 9-7 et seq. and naming Plaintiffs as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(g) For an order awarding pre- and post-judgment interest on any amounts awarded; and,

(h) For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 22, 2020

Respectfully submitted,

THE PLAINTIFF

By: _____
Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 US Highway 206, Suite 240
Bedminster, NJ 07921
(908) 869-1188
(908) 869-1881 (facsimile)
ahabba@habbalaw.com
Juris No. 439257

Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
Michael A. Tompkins, Esq. *(To apply Pro Hac Vice)*
Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jason P. Sultzer, Esq. *(To apply Pro Hac Vice)*
Jeremy Francis, Esq. *(To apply Pro Hac Vice)*
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiff and Proposed Class*